**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CHARLES BLACKMON** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:25-cv-881-HTW-LGI**

**WAFFLE HOUSE, INC. AND JOHN DOES 1-5**[1] **DEFENDANTS**

# ORDER

Before this Court is Defendant Waffle House, Inc.'s ("Waffle House") Motion to Dismiss [Docket no. 3], filed under the auspices of Federal Rule of Civil Procedure 12(b)(6)[2]. Plaintiff Charles Blackmon ("Blackmon") opposes Waffle House's motion [Docket no. 10]. Waffle House timely filed its rebuttal [Docket no. 11]; accordingly, this matter is now ripe for adjudication. Having reviewed carefully the parties' submissions, the Complaint, the governing law, and the record, this Court finds as follows.

## I. BACKGROUND

On September 20, 2022, Blackmon visited the Waffle House at 4800 Highway 18 West in Jackson, Mississippi. According to Blackmon, he ordered food, returned to his vehicle, and waited for his order. Blackmon then heard gunfire. He asserts that although he attempted to shield himself, bullets struck his right knee and left thigh. [Docket no. 1-1, p. 4, ¶¶ 4-5].

Blackmon's Complaint alleges that the incident occurred at Waffle House's place of business and that Waffle House owned, operated, managed, or controlled the premises. *Id.* at pp. 4-5, ¶¶ 3-7. Blackmon alleges that Waffle House failed to monitor its parking lot and surrounding

---

[1] Title 28 U.S.C. § 1441(b)(1) provides: "In determining whether a civil action is removable on the basis of the jurisdiction under § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

[2] Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted."

areas, failed to provide adequate security, failed to control ingress and egress, failed to implement reasonable safety measures, and failed to warn customers. *Id.* at pp. 4-7, ¶¶ 6, 9, 13, 15, 18. He identifies the lack of competent security, the presence of armed strangers "in and around" the business, and generally unsafe conditions as contributing causes of the attack. *Id.* at p. 6, ¶ 14.

Blackmon further alleges that Waffle House actually knew that potentially dangerous criminal acts could occur on the premises because security was inadequate. *Id.* at p. 7, ¶ 19. The Complaint does not identify the shooter, the shooter's precise location, any relationship between the shooter and Waffle House, any prior violent event on the property, or any affirmative act by Waffle House connected to the gunfire.

On September 18, 2025, Blackmon filed this action in the Circuit Court of Hinds County, Mississippi. His Complaint asserts claims for negligence; gross negligence; failure to provide reasonably safe premises and adequate security; and failure to warn. Blackmon seeks compensatory damages, and punitive damages. [Docket no. 1-1, pp. 5-9].

On November 19, 2025, Waffle House removed this action from the Circuit Court of Hinds County, Mississippi to this federal forum. The Notice of Removal [Docket no. 1] alleges that Blackmon is a Mississippi citizen; that Waffle House is incorporated and maintains its principal place of business in Georgia; and that the amount in controversy exceeds $75,000, exclusive of interest and costs [Docket no. 1, pp. 2-3]. Accordingly, this Court possesses diversity subject matter jurisdiction under Title 28 U.S.C. §1332[3].

[3] Section 1332(a)(1) provides that federal district courts "shall have original jurisdiction of all civil actions" in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A corporation is a citizen of every state in which it is incorporated and the state in which it maintains its principal place of business. *Id.* § 1332(c)(1).

Mississippi substantive law governs Blackmon's claims, while federal law governs pleading and procedure. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

## II. LEGAL STANDARD

The federal pleading rule requires a short and plain statement showing that Blackmon is entitled to relief[4]. A defendant may seek dismissal when the complaint fails to state a claim upon which relief can be granted. The Complaint must contain enough factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court accepts well-pleaded facts as true and draws reasonable inferences in Blackmon's favor. *Sewell v. Monroe City School Board*, 974 F.3d 577, 581 (5th Cir. 2020). The Court does not, however, accept legal conclusions, naked assertions, or threadbare recitals unsupported by factual enhancement. *Iqbal*, 556 U.S. at 678; *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023). A pleading need not include detailed evidence, but it must contain facts that permit a reasonable inference of liability. *Iqbal*, 556 U.S. at 678.

Review ordinarily remains confined to the Complaint and documents attached to or incorporated into it. *Carmona v. City of Brownsville*, 126 F.4th 1091 (5th Cir. 2025); *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015). A response brief may explain an existing allegation, but it cannot supply an absent factual theory. The Court accordingly tests the Complaint itself, not the more specific characterizations offered in Blackmon's response to Waffle House's motion to dismiss, i.e., that the shooting occurred "at or near" the premises, that unspecified "conscious operational decisions" by Waffle House facilitated the shooting, or that

---

[4] See Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 12(b)(6).

discovery may reveal qualifying prior criminal incidents. *See* Doc. 11. In short, this Court directs its inquiry to the specific language utilized in the Complaint itself; this Court will determine for itself what inferences to draw from those words.

## III. DISCUSSION

The Mississippi Legislature enacted the Landowners Protection Act[5] ("the Act") to govern premises-liability actions seeking to hold an owner or operator of real property liable for injuries caused by a third party's intentional misconduct.[1] *Doby v. South Park Village Apartments*, 415 So. 3d 602, 604–05 (Miss. 2025) (explaining that the Act establishes substantive liability requirements that the plaintiff ultimately must prove by a preponderance of the evidence). The Act requires proof that: (1) the third party's conduct occurred on the property; (2) the owner or operator actively and affirmatively, through conscious decision-making, impelled that conduct; and (3) the third party's conduct proximately caused the plaintiff's damages. *Thompson v. Pass Christian Public School District*, No. 1:22-cv-125-LG-RPM, 2024 WL 4923258, at *9 (S.D. Miss. Nov. 30, 2024) (applying these requirements and finding insufficient evidence that the landowner actively and affirmatively impelled the third parties' conduct). The Act also restricts the manner in which a plaintiff may establish an "atmosphere of violence" or rely on the particular assailant's violent history. *See* Miss. Code Ann. § 11-1-66.1(3)–(4).

The Act separately restricts proof of an "atmosphere of violence." When a plaintiff invokes that concept, the atmosphere may be established only through at least three similar violent events, occurring on the same property during the three years preceding the act at issue, that resulted in at least three felony arraignments involving acts of violence. The statute also restricts liability based on the particular assailant's prior violent nature unless the landowner possessed actual knowledge

[5] Miss. Code Ann. § 11-1-66.1(2)-(4), (7) (2019). Subsection (2) requires on-property conduct, active and affirmative impelling, and proximate causation. Subsection (3) limits how an atmosphere of violence may be established; subsection (4) addresses the landowner's knowledge of the particular third party's violent nature; and subsection (7) defines a premises-liability action.

of that history. See *Ruff v. Waffle House, Inc.*, No. 1:19-CV-140-SA-DAS, 2020 WL 4979964, at *3 (N.D. Miss. Aug. 24, 2020) (quoting and discussing the requirements for establishing an "atmosphere of violence" under Mississippi Code § 11-1-66.1(3)); *Thompson v. Pass Christian Public School District*, No. 1:22-CV-125-LG-RPM, 2024 WL 4923258, at *8 (S.D. Miss. Nov. 30, 2024) (explaining that liability may not be based on a third party's prior violent nature unless the landowner possessed actual, rather than constructive, knowledge of that history under § 11-1-66.1(4)).

Waffle House characterizes the Act as requiring Blackmon to plead three matters: on-property conduct; affirmative impelling; and a statutorily defined atmosphere of violence. [Docket no. 4, pp. 2-4; Docket no. 11, pp. 1-4]. Blackmon responds that the Act governs proof rather than pleading; that his allegations permit an inference that the shooting occurred on the property; that conscious operational decisions may have facilitated the attack; and that the details of prior criminal incidents lie principally within Waffle House's possession. [Docket no. 10, pp. 2-6].

### A. *Doby* and the Governing Pleading Standard

Neither party cites the Mississippi Supreme Court's recent decision in *Doby v. South Park Village Apartments*, 415 So. 3d 602 (Miss. 2025). In *Doby*, a shooting victim alleged that an apartment complex "placed or permitted" a hazardous condition; knew or should have known of prior criminal acts; failed to provide adequate security; failed to maintain fences, gates, and locks; and failed to warn. *Id.* at 603. The complaint also alleged five or more felonies on the premises during a specified period. *Id.* at 605. The trial court dismissed because the complaint did not establish that the owner affirmatively impelled the shooting. *Id.* at 603.

The Mississippi Supreme Court reversed. It explained that the Act identifies substantive liability requirements to be proved by a preponderance of the evidence; it does not itself heighten Mississippi's pleading standard. *Id.* at 605-06. The Court nevertheless did not hold that an

allegation of ordinary negligent security automatically states a claim under the Act; instead, the Court identified the complaint's allegation that the owner affirmatively "placed" the hazardous condition and held that allegation sufficient under Mississippi notice pleading to permit the possibility of proving affirmative impelling. *Id.* at 605.

This Court must give *Doby* full effect on questions of Mississippi substantive law. *Doby*'s pleading analysis, though, applied Mississippi's notice-pleading standard, under which a claim survives if the plaintiff *might* obtain relief under some provable set of facts. *Id.* at 604–06 (emphasis added). In the matter *sub judice*, federal pleading law governs the sufficiency of Blackmon's Complaint and requires a plausible claim for relief. Blackmon need not prove the Act's requirements at this stage or include supporting evidence in his Complaint. He must, however, allege facts which, accepted as true, permit a reasonable inference that the applicable statutory requirements are satisfied.

Waffle House also relies on *Thompson v. Pass Christian Public School District*, No. 1:22-cv-125-LG-RPM, 2024 WL 4923258, at *9 (S.D. Miss. Nov. 30, 2024). [Docket no. 4, p. 3]. *Thompson* does not resolve the pleading question. The court decided the *Thompson* case on summary judgment after examining evidence and concluded that the plaintiffs had not demonstrated that the college impelled the third parties' conduct. *Id.* The decision therefore illustrates the proof ultimately required, not the factual detail demanded in a complaint. *Doby*, decided later, confirms that distinction.

**B. Whether the Third Party Acted on the Property**

Waffle House first contends that Blackmon never alleges that the shooter acted on its property. It emphasizes that the statute addresses where the third party acted, not merely where Blackmon was injured. Its reply also points out that the phrase "at or near" appears in Blackmon's response, not in the Complaint. [Docket no. 11, pp. 2-3]. Blackmon answers that he ordered food,

returned to his vehicle, and was shot while waiting near the restaurant; he argues that the Court reasonably may infer he was in Waffle House's parking lot or immediate ingress-and-egress area. [Docket no. 10, pp. 2-3].

Waffle House correctly states that the relevant inquiry here concerns where the shooter acted, not merely where Blackmon sustained his injuries. Paragraph 3 of the Complaint, however, expressly alleges that "the incident" occurred at Waffle House's place of business. [Docket no. 1-1, p. 4, ¶ 3]. Paragraphs 6 and 7 concern the parking lot, common areas, surrounding areas, and premises controlled by Waffle House. *Id.* at pp. 4-5, ¶¶ 6-7[6]. Paragraph 14[7] identifies armed strangers "in and around" the business as a cause of the attack. *Id.* at p. 6, ¶ 14.

Read together and in Blackmon's favor, these allegations support the reasonable inference that the gunfire constituting the alleged incident originated on the Waffle House property. The Court does not infer on-property conduct merely from the fact that Blackmon was wounded there; it draws the above inference from the Complaint's direct location allegation and its description of the premises. Whether the evidence ultimately locates the shooter on or off the property remains open. Accordingly, in this Court's eye, Blackmon's Complaint does not fail at this stage for want of an on-property allegation.

---

[6] Paragraph 6 states: "For a period of time prior to September 2022, Defendant Waffle House did not operate and monitor in a reasonably safe manner the parking lot, its common areas and other areas surrounding the subject premises."

Paragraph 7 asserts: "At all times pertinent, Defendant Waffle House owned, possessed, controlled and/or managed and/or possessed the right to control, operate and/or manage the premises located at 4800 Highway 18 West, Jackson, Mississippi. Waffle House served as the Assessed Owner in charge of said premises."

[7] Paragraph 14 avers: "Contributing and/or proximate factors or causes of the attack and injury of Plaintiff were the lack of competent security at the business; the presence of armed strangers in and around the business; and the unsafe conditions of the business' premises in general."

### C. Leave to Amend

Blackmon requests leave to amend if the Court finds the Complaint deficient. [Docket no. 10, p. 5]. Waffle House, on the other hand, seeks dismissal with prejudice, arguing that Blackmon identifies no additional facts and that amendment therefore would be futile. [Docket no. 11, p. 4].

Leave to amend should be freely given when justice requires.[8] The Fifth Circuit ordinarily permits a plaintiff at least one opportunity to cure pleading deficiencies unless amendment would be futile or the plaintiff has pleaded his best case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

This is Waffle House's first challenge to Blackmon's pleading in federal court. He filed the Complaint under Mississippi procedure before removal, and he expressly seeks an opportunity to amend. The present record does not establish that he would be completely unable to allege any affirmative conduct or qualifying prior events in good faith. The Court therefore cannot conclude that amendment would be futile.

This Court grants Blackmon the opportunity to amend his Complaint. His Amended Complaint must allege the facts supporting each statutory requirement

### D. Issues Reserved Pending the Amended Complaint

#### 1. The "Impelling" Requirement

Waffle House argues that Blackmon alleges only failures to act—such as failures to monitor the premises, provide adequate security, control access, implement safety measures, and warn customers—and identifies no affirmative conduct by Waffle House that "impelled" the shooting. [Docket no. 4, pp. 3-4; Docket no. 11, p. 3]. Blackmon responds that Waffle House's

---

[8] Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

conscious decisions concerning security, monitoring, and access may have facilitated the attack. He maintains that discovery is needed to examine those decisions and their relationship to the shooting. [Docket no. 10, pp. 3-6].

This Court declines at this stage to define the precise scope of the Act's impelling requirement or to determine whether Blackmon's present allegations satisfy it. The amended complaint will supersede the present Complaint and may clarify the particular conduct upon which Blackmon relies.

Any amended complaint should identify the factual basis upon which Blackmon contends that Waffle House satisfies the Act's impelling requirement. Waffle House may renew its challenge after reviewing the amended pleading. The Court expresses no opinion at this time concerning whether Blackmon can plead or ultimately prove that Waffle House actively and affirmatively "impelled" the third party's conduct.

### 2. Atmosphere of Violence

Waffle House argues that an atmosphere of violence is an independently required element and that Blackmon must allege three similar violent events on the property within three years that resulted in three felony arraignments. [Docket no. 4, p. 3; Docket no. 11, pp. 3-4]. Blackmon responds that those matters concern proof, not pleading, and that records of prior crimes, police calls, and arraignments are likely within Waffle House's possession. [Docket no. 10, pp. 4-6].

The statute does not support Waffle House's assertion that an atmosphere of violence is a fourth element in every premises liability case. The liability provision enumerates three requirements: (1) on-property third-party conduct; (2) active and affirmative impelling; and (3) proximate causation. The next subsection limits the evidence by which an atmosphere of violence may be established when a plaintiff relies on that concept. The Act does not require that every plaintiff must prove an atmosphere of violence in addition to the three enumerated requirements.

To the extent Blackmon relies on an atmosphere-of-violence theory, the amended complaint should identify the factual basis upon which he invokes that theory. The present Complaint alleges that Waffle House knew potentially dangerous criminal acts "could have taken place" before September 2022, but it identifies no prior violent event. [Docket no. 1-1, pp. 6-7, ¶¶ 14, 19].

Insofar as the amended complaint will supersede the present pleading and may add or clarify those allegations, this Court declines to determine at this time whether Blackmon adequately invokes the statutorily defined atmosphere-of-violence theory. Waffle House may renew that challenge after the amended complaint is filed.

## VI. CONCLUSION

The Complaint adequately permits the inference that the third party acted on Waffle House's property, but this Court reserves its ruling on whether: Waffle House actively and affirmatively "impelled" the shooting; and whether Plaintiff has sufficiently pleaded that Waffle House featured an atmosphere-of-violence, to the extent Blackmon relies on that theory.

Blackmon may file an amended complaint within fourteen (14) days after entry of this Order. Any amended complaint must be complete in itself, must state every claim Blackmon intends to pursue, and may not incorporate the prior Complaint by reference.

Accordingly, since Blackmon's request to amend is granted, this Court DENIES Waffle House's current Motion to Dismiss [Docket no. 3], but allows Waffle House leave to attack Blackmon's forthcoming Amended Complaint, should Waffle House wish to do so.

Failure to amend within the time allowed may result in dismissal of the claims against Waffle House with prejudice and without further notice[9].

SO ORDERED AND ADJUDGED, this the 13th day of September, 2026.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

[9] This Order resolves only Waffle House's motion. It does not adjudicate any claim against the unidentified John Doe Defendants.